IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GILLMAN OF FORT BEND, INC.**                                                                     **PLAINTIFF**

**V.**                                        **NO. 4:22-CV-38-DMB-JMV**

**OTIS RILEY, JR.**                                                                                    **DEFENDANT**

**ORDER**

On May 5, 2023, Otis Riley, Jr., filed a "Motion to [Set] Aside Default Judgment." Doc. #39. In violation of the Local Rules, the motion is more than four pages,[1] contains legal argument and citations to case law,[2] and is not accompanied by a separately filed memorandum brief.[3] Due to these procedural deficiencies, the motion [39] is **DENIED without prejudice**. Within fourteen (14) days of the entry of this order, Riley may refile his motion in accordance with the Local Rules.

**SO ORDERED**, this 23rd day of May, 2023.

                                                                             /s/Debra M. Brown
                                                                             **UNITED STATES DISTRICT JUDGE**

---

[1] *See* L.U. Civ. R. 7(b)(2)(B) ("[A] motion may not exceed four pages … .").

[2] *See* L.U. Civ. R. 7(b)(2)(B) ("[A] motion … may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority.").

[3] *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion."); *see also* L.U. Civ. R. 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion."). Riley does not request that the memorandum brief requirement be waived; had he done so, the request would be denied given the nature of the relief sought.